UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUNE TOLIVER, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   No. 1:23-cv-00630-JMS-MG |
| | ) |
| INDIANA ONLINE LEARNING OPTIONS, INC. *doing* | ) |
| *business as* PEARSON IOLO- INDIANA | ) |
| CONNECTIONS CAREER ACADEMY, | ) |
| | ) |
| *Defendant*. | ) |

## ORDER

Plaintiff June Toliver seeks recovery for alleged race and disability discrimination from her employer, Defendant Indiana Online Learning Options, Inc. doing business as Pearson IOLO-Indiana Connections Career Academy ("ICCA"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et. seq.* [Filing No. 7.] ICCA has filed a Motion to Dismiss, which seeks the dismissal of each of Ms. Toliver's claims pursuant to Fed. R. Civ. P. 12(b)(5). [Filing No. 13.] ICCA's Motion is now ripe for the Court's review.

## I.
### BACKGROUND

On April 12, 2023, Ms. Toliver simultaneously filed her Complaint, [Filing No. 1], and Proposed Summons to ICCA, [Filing No. 1-1]. Ms. Toliver then filed an Amended Complaint on April 17, 2023. [Filing No. 7.] Shortly after that, Ms. Toliver filed a Notice of Service stating that ICCA "was served with the Complaint and Summons via [its] registered agent . . . by the United States Post Office via certified mail, return receipt requested, on April 17, 2023." [Filing No. 8 at 1; *see also* Filing No. 8-1.] The same day that Ms. Toliver filed her Notice of Service, counsel for

ICCA appeared and requested an extension of time to respond to Ms. Toliver's Amended Complaint, which the Court granted.  [Filing No. 9; Filing No. 10; Filing No. 11; Filing No. 12.] ICCA has now filed a Motion to Dismiss pursuant to Rule 12(b)(5), alleging that Ms. Toliver failed to perfect service in a manner permitted by Fed. R. Civ. P. 4.  [Filing No. 13.]

## II.
### STANDARD OF REVIEW

A plaintiff is responsible for ensuring that the summons and complaint are served on the defendant in a manner permitted by Rule 4 within the allotted time.  Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(h).  A defendant may file a motion to dismiss under Rule 12(b)(5) to enforce the service of process requirements.  *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).  "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service."  *Id.*

## III.
### DISCUSSION

ICCA argues that Ms. Toliver's claims should be dismissed with prejudice because it was improperly served via certified mail sent to its registered agent.  [Filing No. 13 at 3.]  While ICCA concedes that certified mail is a manner of service permitted under Indiana law, ICCA argues that Indiana law "should not apply to issues of service of process of a federal lawsuit alleging violations of federal law."  [Filing No. 13 at 3.]  ICCA contends that this proposition is particularly true where, as in this instance, "nothing - neither facts, circumstances or time - prevented [Ms. Toliver] from attempting personal service, on [its] registered agent . . . other than, likely, costs and incorrect reliance on" the Indiana Rules of Trial Procedure.  [Filing No. 13 at 3 (internal citations omitted).]

Accordingly, ICCA contends that Ms. Toliver "failed to properly effectuate service" upon it and "failed to comply" with Rule 4. [Filing No. 13 at 3-4.]

Ms. Toliver responds that she is "perplexed" by ICCA's argument that she was required to personally serve its registered agent. [Filing No. 16 at 2.] Ms. Toliver argues that ICCA cited "no legal authority whatsoever" in support of its position that service upon a registered agent via certified mail does not constitute service under Rule 4. [Filing No. 16 at 2-3.] Relying upon the Seventh Circuit's holding in *Peterson v. Sealed Air Corp.*, 902 F.2d 1232, 1236 (7th Cir. 1990), Ms. Toliver argues that ICCA's position is "nonsensical" because "service via [ICCA's] registered agent is service directly upon [ICCA.]" [Filing No. 16 at 4.] Because "there exists no requirement that she attempt personal service," Ms. Toliver argues that there can be "no dispute" that service in this case was "sufficient" and, therefore, ICCA's Motion should be denied. [Filing No. 16 at 4.]

ICCA did not file a reply brief.

The Court shares Ms. Toliver's confusion regarding the legal basis for ICCA's Motion to Dismiss. Despite alleging that service in this case is "improper" and "in violation" of Rule 4, ICCA did not meaningfully develop any argument supporting these assertions or cite any authority supporting its requested relief. [Filing No. 13 at 3-4.] As the Seventh Circuit has "often" noted, it is not the Court's "responsibility to research and construct the parties' arguments." *Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011). Moreover, it is well settled that "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *See Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Accordingly,

the Court finds that any arguments in support of ICCA's Motion are now waived.  Nevertheless, in the interest of completeness, the Court will address the sufficiency of service upon ICCA below.

Unless federal law provides otherwise, the framework outlined in Rule 4 sets forth how and when service may be made.[1]  *See, e.g.,* Fed. R. Civ. P. 4(h).  The Rule 4 framework turns on the nature of the entity being served rather than the nature of the claim necessitating service.  *Compare* Fed. R. Civ. P. 4(e) (service upon an individual living in the United States) *with* Fed. R. Civ. P. 4(h) (service upon a corporation, partnership, or association).  For domestic corporations such as ICCA, Rule 4 provides that service may be made by: (1) personal service upon an officer, managing or general agent, or other agent authorized by appointment or law to receive service of process; or (2) any method for service provided under state law for both the state in which the federal court adjudicating the claim sits and for the state in which service is to be made.  Fed. R. Civ. P. 4(h)(1); Fed. R. Civ. P. 4(e)(1).  Rule 4 does not create a hierarchy or priority between the different methodologies for service.  *See* Fed. R. Civ. P. 4(h); *see also* David D. Siegel, *Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 151 F.R.D. 441, 459 (1994) ("Either may be turned to with no attempted prior resort to the other. In essence, the rule just adds the state law methods to the federal list").

Here, the state of Indiana is both the location of the federal court where Ms. Toliver's claims are proceeding and the location where service was effectuated.  [Filing No. 1; Filing No. 8.]  Accordingly, the applicable state law methods for service come from the Indiana Rules of Trial Procedure.  *Rsch. Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002).  Under Indiana

---

[1] The Court notes that ICCA does not allege that federal law requires a specific manner of service that Ms. Toliver did not utilize.  [Filing No. 13 at 3.]  Rather, ICCA contends that the state law methods for service incorporated by Rule 4 "should" be foreclosed to Ms. Toliver because she seeks recovery under federal law.  [*See* Filing No. 13 at 3-4.]

Trial Rule 4.6, service upon an organization may be made upon its registered agent by "sending a copy of the summons and complaint by registered or certified mail . . ."  Ind. R. Trial P. 4.6; Ind. R. Trial P. 4.1; *Robinson v. Turner*, 886 F. Supp. 1451, 1456 (S.D. Ind. 1995) ("It is clear that service through certified mail can be adequate service of process under the Indiana Trial Rules"). The parties do not dispute that this is exactly what Ms. Toliver did, and the Court finds no basis to dispute this fact. [Filing No. 5; Filing No. 8; Filing No. 8-1.]

Accordingly, the Court concludes that Ms. Toliver complied with the requirements of Indiana Trial Rule 4.6 by serving ICCA's registered agent via certified mail.  Because Rule 4 empowers Ms. Toliver to utilize the service methods permitted under Indiana law, the Court finds that ICCA has been properly served.  ICCA has pointed to no reason to conclude otherwise. Therefore, ICCA's Motion to Dismiss, [Filing No. 13], is **DENIED**.

The Court further notes that ICCA's requested relief wholly lacks merit. ICCA has requested that the Court dismiss Ms. Toliver's claims with prejudice but has pointed to no basis to support such a dismissal.  [Filing No. 13 at 3.]  Even if the Court determined that Ms. Toliver had failed to effectuate service properly and that dismissal was warranted, dismissal with prejudice would be inappropriate.  When confronted with issues of insufficient service, Rule 4 permits the Court to (1) dismiss the action without prejudice; (2) order that service be made; or (3) extend the time for service upon a showing of good cause.  Fed. R. Civ. P. 4(m) (emphasis added). Accordingly, a "dismissal [for failure of service] ordinarily should be entered without prejudice." *Cardenas*, 646 F.3d at 1007.  While the Seventh Circuit has recognized that dismissal with prejudice may be appropriate in limited circumstances where "the plaintiff did not meet [the service requirements] and where the statute of limitations expired during the federal case," *Id.* at 1008, ICCA does not allege that this is the circumstance before the Court.  Instead, ICCA has

pointed to no circumstances justifying a dismissal with prejudice, and the Court finds that none exist.

The Court concludes by expressing its displeasure with ICCA's approach to seeking dismissal. Here, ICCA advanced a position that is contrary to the plain language of Rule 4 and cited no authority in support of its requested relief. [Filing No. 13.] Put plainly, resolving ICCA's Motion was a waste of the Court's time and resources. The Court reminds counsel for ICCA that Rule 11 requires that when an attorney signs a filing presented to the Court, the attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b). Counsel is admonished that their obligations under Rule 11 are not optional and that they should not anticipate the Court's leniency in the future.[2]

## IV.
### CONCLUSION

For the foregoing reasons, ICCA's Motion to Dismiss, [13], is **DENIED**.

Date: 7/7/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**

---

[2] While Ms. Toliver has not moved for sanctions in response to ICCA's Motion, the Court cautions counsel for ICCA that Rule 11 authorizes the Court to impose appropriate sanctions, including monetary sanctions, on any attorney, law firm, or party who violates Rule 11. Fed. R. Civ. P. 11(c). Additionally, under 28 U.S.C. § 1927, the Court may sanction an attorney who "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018). While the Court will not impose sanctions *sua sponte* at this juncture, ICCA and its counsel should consider themselves on notice of the potential risks associated with filing frivolous motions in the future.